## ALLEN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 57, September Term, 1957.]

 

*Decided March 5, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge Raine of the Circuit Court for Baltimore County.

The applicant was sentenced January 12, 1956, in the Circuit Court for Dorchester County for violation of the laws regulating the manufacture of alcoholic beverages. The applicant was sentenced to pay a fine of $3,000.00 and to be confined in the Maryland Penitentiary for the term of three years, confinement to be suspended upon the payment of fine and costs.

Claimant asks that *habeas corpus* be granted because his sentence was in the alternative, he was to pay $3,000.00 or serve three years in jail, and that the authorities in Dorchester County have filed a detainer against him so that when he is released from the Maryland Penitentiary, he will have to serve ninety days in the Dorchester County jail for non-payment of the fine, and that since he will have served the three-year sentence he should not have to pay the fine. An examination of the sentence shows that it was not in the al-

ternative; rather, the prison term *only* was to be suspended in the event the fine was paid. There is nothing in the sentence to indicate that the sentence was to be in lieu of the fine. Applicant's first contention is without merit.

The applicant's second contention is that he was improperly convicted since mere possession of "25 feet of hose, two barrels and a generator" was not sufficient evidence to sustain the verdict. This Court has repeatedly stated that sufficiency of the evidence cannot be raised on *habeas corpus*. *Wilhelm v. Warden,* 209 Md. 624; *Thompson v. Warden,* 198 Md. 668.

The applicant's third contention is that when the lawyer he had retained failed to make his appearance on the day of the trial, he requested a ten-day postponement which "was arrogantly denied by Judge Henry"—who told him his lawyer from Baltimore could not help him anyway—and further stated that he would be tried at once and if he knew what was good for him, he would plead guilty, and added "if you don't and you are convicted (which I am sure you will be) and in which case I shall give you the book—5 years—$10,000 fine." He alleges that because of a hostile court and threats, he was forced to enter a plea of guilty. The docket entry indicates that on the day of trial petitioner's lawyer made a motion to withdraw his appearance in the case, which was granted, and that thereafter the petitioner was told that he could enter a plea of not guilty and elect a jury trial, and that the defendant entered a plea of guilty. There is no indication in the docket that a continuance was requested. Because the record makes it impossible to tell whether the petitioner's third point with reference to the questions of denial of counsel of his own choice and intimidation was, in some manner, overlooked by the judge who heard the case, who did not refer to them, we shall remand the case to permit the truth of the allegation to be gone into.

> *Application for leave to appeal granted and case remanded for further proceedings not inconsistent with the views expressed in this opinion, costs to abide the result.*